IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04cv265

| | |
|---|---|
| JIMMY DAWSON,<br><br>　　　　Plaintiff,<br><br>Vs.<br><br>U.S. TEXTILE CORP., a North Carolina Corporation; and CONSOLIDATED WORK INDUSTRIES, INC., a North Carolina Corporation,<br><br>　　　　Defendants. | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER** is before the court upon defendant Consolidated Work Industries, Inc.'s (hereinafter "CWI's") Motion to Dismiss. Having carefully considered CWI's motion, plaintiff response and exhibits, and CWI's reply, and reviewed all the pleadings, the court enters the following findings, conclusions, and Recommendation.

**FINDINGS AND CONCLUSIONS**

**I.   Background**

In this action, filed under Title VII of the Civil Rights Act of 1964, plaintiff contends that he was the victim of racial discrimination in employment. Compl., at ¶¶ 6 &12. Plaintiff performed such work while incarcerated in the North Carolina Department of Correction, at its Mountain View Correctional Facility, which is located in Avery County, North Carolina. Id., at ¶¶ 3 & 9. Plaintiff's work was as a machine operator in North Carolina's "Prison Industry Enhancement Program." Id., at ¶ 9. Although the program was sponsored by state correction authorities, he has alleged that he was employed by U.S. Textile Corp. (hereinafter "USTC") and CWI, Compl., at ¶ 9, and that while so employed,

1

he was subjected to racial discrimination, id., at ¶ 10, and that defendants' plant manager did nothing to stop such discrimination. Id., at ¶ 11.

Defendant CWI has moved to dismiss the Complaint against it in accordance with Rule 12(b)(1), contending that this court lacks subject-matter jurisdiction over the claim because plaintiff failed to name CWI in his administrative charge of discrimination that was lodged with the EEOC. Docket Entry 12. CWI's brief is accompanied by evidentiary material. Plaintiff has filed a timely response accompanied by evidentiary materials as well as copies of outstanding discovery requests. CWI has filed a timely reply.

As to the limited issue before this court, the undersigned has accepted as true the following contentions:

1. That CWI was never named or served in the administrative charge of discrimination; (Defendant's Brief in Support, Ex. A (affidavit of counsel for plaintiff))

2. The plaintiff initially informed the EEOC that both USTC and CWI were his employers; (Plaintiff's Response, at 1-3)

3. That the EEOC determined not to name CWI in the charge; (id.)

4. Prior to filing the Complaint in this court, plaintiff, then proceeding *pro se*, lodged no objection with the EEOC when it failed to name CWI in the administrative charge;

5. Plaintiff, through counsel, filed this action on November 30, 2004;

6. The first inquiry made concerning the failure to name CWI was made by plaintiff's counsel in a letter written to the EEOC on December 11, 2004;

7. CWI has denied that it was plaintiff's employer; (CWI's Brief in Support, Ex. A to Affidavit of Sherwood Smith)

8. CWI issued to plaintiff for tax year 2003 a federal Form W-2 Wage and Tax Statement indicating that CWI was in fact his employer; Plaintiff's Response, Ex. D. and

9. USTC and CWI filed a joint Answer to the Complaint.

## II. Applicable Standard of Review: Rule 12(b)(1) Standard

CWI has moved to dismiss the action, contending that this court lacks jurisdiction over the subject matter of plaintiff's claim against it inasmuch as CWI was not named in the administrative charging instrument before the EEOC.

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. In this case, CWI, in its joint Answer to the Complaint submitted with USTC, only sought dismissal based on Rule 12(b)(6); however, lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction at the pleading stage, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction

3

exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

**III.    Discussion**

A genuine issue of material fact exists as to whether CWI is in fact an employer of plaintiff. While the corporate disclosures filed with this court would strongly indicate that CWI is not plaintiff's employer, see Docket Entries 5 & 7, plaintiff's submission of his 2003 Form W-2, which unequivocally provides that CWI is his employer, creates a genuine issue of fact. For purposes of the pending motion, the undersigned must resolve that genuine issue of fact in favor of the party resisting judgment.

With resolution of this factual dispute in plaintiff favor, plaintiff argues that this court should deny CWI's motion to dismiss based on "substantial identity" between USTC and CWI or, at least, withhold decision pending the completion of discovery. See Plaintiff's response, at 1-5. As discussed below, CWI holding itself out as plaintiff's employer is relevant to consideration of whether the "substantial identity exception should be applied." In candid argument, plaintiff states that while other circuits have applied a substantial identity test to the administrative notification requirement of 42, United States Code, Section 2000e-5, he admits that there is no binding authority in the Fourth Circuit for this proposition.

Title VII provides that a civil action may be brought in federal court only "against the respondent named in the charge" which was filed with the EEOC. 42 U.S.C. § 2000e-5(f)(1). The Court of Appeals for the Fourth Circuit recognizes an exception to the naming requirement where there is "no functional distinction" between the defendant in the civil action and the respondent named in the EEOC charge. Harris v. Norfolk & Western Ry. Co.,

720 F.Supp 567, 569 (W.D.Va.1989) (citing Alvarado v. Bd. of Trustees, which notes additional factors in the case there under consideration, such as plaintiff's language barrier and lack of control over how the EEOC charge was filled out).

In addition to the "legal identity exception" recognized by the Court of Appeals for the Fourth Circuit, there appears to be a "substantial identity exception,"[1] which it has not yet recognized, but which has been adopted by a number of district courts within the Fourth Circuit. See, *e.g.*, Mayo v. Questech, Inc., 727 F.Supp. 1007 (E.D.Va.1989, Ellis, J.); Kouri v. Todd, 743 F.Supp. 448 (E.D.Va.1990, Ellis, J.); Brewster v. Shockley, 554 F.Supp. 365 (W.D.Va.1983, Glen M. Williams, J.); Afande v. Nat'l Lutheran Home for the Aged, 868 F.Supp. 795 (D.Md.1994, Williams, J.); Brown v. Scotland County, 2003 WL 21418099 (M.D.N.C. 2003, Bullock, J.). In Tietgen v. Brown's Westminster Motors, Inc., 921 F.Supp. 1495 (E.D.Va.1996), Judge Ellis explained the difference, or lack thereof, between the two exceptions:

> No court, it appears, has considered whether there is any significant difference between the "substantial identity" and "functional identity" exceptions to the naming requirement. Perhaps this is because the difference is merely one of the degree or extent of the affinity or equivalence between the entities in question.

Id., at 1498.

While the district courts have readily recognized the "substantial identity exception," the discussion of the Court of Appeals for the Fourth Circuit in Alvarado gives a court pause in determining whether such exception should be applied:

---

[1] The Western District of North Carolina recognized another exception in Bostic v. Wall, 588 F.Supp. 994, 997 (W.D.N.C.1984., Potter, C.J.), aff'd, 762 F.2d 997 (4th Cir. 1985), which exists where an unnamed party had notice of the proceedings and actually participated in them.

**5**

> The Fourth Circuit has not had occasion to decide whether to adopt the substantial identity exception, but we note that language in Chastang was quoted with approval by this court in *dictum*: "where there is substantial, if not complete identity of parties before the EEOC and the court, it would require an unnecessarily technical and restrictive reading of [the statute]" to deny jurisdiction. EEOC v. American National Bank, 652 F.2d 1176, 1186 n. 5 (4th Cir.1981), cert. denied, 459 U.S. 923, 103 S.Ct. 235, 74 L.Ed.2d 186 (1982) (quoting Chastang, 365 F.Supp. at 964). Because we conclude that the board of trustees is identical with the college, Alvarado's suit against the board can be maintained despite his failure to name the board specifically in his administrative complaint. We deem it unnecessary to decide whether the suit against the president can be maintained through application of a "substantial identity" exception or otherwise, because the president is being sued by Alvarado only in his official capacity. We thus intimate no opinion on the validity of the [substantial identity] exception in the Fourth Circuit.

Id., at 461.

While Alvarado certainly provides no license to the lower courts, it does imply that there is little reason not to recognize such an exception. All of the district court decisions within the Fourth Circuit which the undersigned has been able to find provide persuasive authority for recognition of a "substantial identity exception." While the plaintiff in Alvarado was certainly challenged by a language barrier and access to counsel when the "legal identity exception" was applied, the great weight of case law relevant to the "substantial identity exception" does not seem to require that the litigant be anything other than *pro se* when he lodged his or her administrative charge with the EEOC. Put another way, to have standing to invoke the substantial identity exception, a litigant need not be "*pro se* plus."

Having determined that it is likely that a "substantial identity exception" would be recognized in the Fourth Circuit, the undersigned must next determine what factors are to be considered. The "substantial identity exception" was first recognized in Glus v. G.C. Murphy Co., 562 F.2d 880 (3d Cir.1977), which provided a four-part, balancing test for determining whether a Title VII suit may proceed against a party not named in the administrative charge. This same test was later adopted by a number of circuits. See Virgo v. Riviera Beach Ass'n,

**6**

Ltd., 30 F.3d 1350, 1359 (11th Cir.1994); Johnson v. Palma, 931 F.2d 203, 209-10 (2d Cir.1991); Romain v. Kurek, 836 F.2d 241, 245-46 (6th Cir.1987); Eggleston v. Chicago Journeymen Plumbers' Local 130, 657 F.2d 890, 905-07 (7th Cir.1981), cert. denied, 455 U.S. 1017 (1982); Romero v. Union Pacific Railroad, 615 F.2d 1303, 1311 (10th Cir.1980). In Glus, the appellate court set fourth four factors to be considered in applying the substantial identity exception:

(1) whether the unnamed party's role could, through reasonable effort by complainant, be ascertained at time of filing the EEOC complaint;

(2) whether a named party's interests were so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

(3) whether its absence resulted in actual prejudice to its interests; and

(4) whether the unnamed party in some way represented to complainant that its relationship with the complainant was to be through the named party.

Glus, supra, at 888. Plaintiff argues that

> There is obviously some connection between Consolidated and U.S. Textile Corp. in the operation of the manufacturing facility in question, and plaintiff's outstanding discovery attempts to flesh this out. This Court is requested not to short circuit this information gathering effort and blindly rule on this motion.

Plaintiff's Response, at 4 (pages in original unnumbered). While plaintiff cites no rule in support of his argument that the court should not "blindly rule" against him, it would appear that his argument is, more succinctly, stated in Rule 56(f), which provides, as follows:

**(f) When Affidavits are Unavailable.**
Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained

7

or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f). In <u>Richmond, Fredricksburg & Potomac R.R. Co. V. United States</u>, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. <u>Id</u>.; <u>Trentacosta v. Frontier Pacific Aircraft Indus.</u>, 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. <u>Trentacosta</u>, <u>supra</u>, 813 F.2d at 1559 (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. <u>Trentacosta</u>, <u>supra</u>, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. <u>Revene v. Charles County Comm'rs</u>, 882 F.2d 870, 872 (4th Cir.1989); <u>Shultz v. Dept. of the Army</u>, 886 F.2d 1157, 1159 (9th Cir.1989).

<u>Id.</u>, at 768-69. Heeding the advice of the appellate court, it would appear that in considering CWI's motion to dismiss based on a lack of subject-matter jurisdiction, this court should apply Rule 56 standards (without converting the motion to one for summary judgment), which includes Rule 56(f).

Plaintiff has argued that discovery is outstanding that is relevant to the court's determination of whether the "substantial identity exception" should be applied. As exhibits to his Response, plaintiff has submitted copies of interrogatories he posed on July 1, 2005, to CWI. The first interrogatory asks CWI to

> [d]escribe in detail the full nature and extent of your business association with U.S. Textile Corp. In connection with the operation of a hosiery mill at the Mountain View Correctional Facility located in Avery County, North Carolina.

Plaintiff's Response, Ex. F, at 5. Plaintiff goes on to inquire of CWI if he was ever in its

employ, id., at 7, and what efforts it undertook to investigate his charge of discrimination. Id., at 8. Plaintiff does not pose an interrogatory asking CWI why, if it contends it was not his employer, that it issued to him a Form W-2 for 2003 in which it represented to the IRS that it was in fact his employer.

The undersigned finds that persuasive authority exists for application of the "substantial identity exception" in Title VII cases; plaintiff has outstanding discovery requests which are relevant to the applicable four-factor test; and because such discovery is unanswered at the time of decision, relevant evidence is "unavailable" for submission as provide in Rule 56(f). The undersigned will recommend that CWI's Motion to Dismiss be denied without prejudice, in accordance with Rule 56(f), and that leave be granted to CWI to reassert such motion in the form of a motion for summary judgment after the evidence has closed.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant Consolidated Work Industries, Inc.'s Motion to Dismiss (#12) be **DENIED WITHOUT PREJUDICE**, and that such defendant be **GRANTED** leave to reassert the substance of such motion in the form of a Motion for Summary Judgment after the conclusion of discovery**.**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same.

Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

**Signed: August 4, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge